[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11761
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-01023-ODE

ARNITA JOHNSON,

Plaintiff - Appellant,

versus

DOUGLAS COUNTY SCHOOL DISTRICT,
CONSTANCE CRAFT,
individually and in her official capacity as
Principal of Douglas County High School,

Defendants - Appellees,

DOUGLAS COUNTY BOARD OF EDUCATION,
and its members, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 17, 2012)

Before EDMONDSON and WILSON, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

Arnita Johnson, a 50-year-old African-American female, brought suit against her employer, Douglas County School District, and against Douglas County High School Principal Constance Craft (collectively "Defendants") alleging race discrimination under 42 U.S.C. § 2000e-2 ("Title VII") and 42 U.S.C. § 1983, and age discrimination under 29 U.S.C. § 623 ("ADEA"). Johnson appeals the district court's grant of summary judgment in favor of Defendants.

Under *McDonnell Douglas Corp. v. Greene*, 411 U.S. 792, 93 S. Ct. 1817 (1973), if a plaintiff establishes a prima facie case of disparate treatment and the employer proffers a legitimate, nondiscriminatory reason for its employment action, the plaintiff must then show that the proffered reason is merely a "pretext for unlawful discrimination." *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (per curiam). Here, the district court found that Johnson established a prima facie case of discrimination and that Defendants provided four legitimate, nondiscriminatory reasons for removing Johnson from her position as co-chair of the science department: (1) Johnson sent mass emails to the faculty

---

[*]Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

2

expressing discontent with administrative decisions, (2) Johnson repeatedly and publicly questioned the credentials of a colleague, (3) Johnson was unwilling to accept a classroom without a laboratory and involved students in the controversy, and (4) Johnson undermined student and parent confidence in the school's International Baccalaureate program.

Upon reviewing the record, reading the briefs, and with the benefit of oral argument, we find that Johnson has not provided sufficient evidence to indicate that the legitimate, nondiscriminatory reasons provided by Defendants were a pretext for race or age discrimination. Furthermore, she has not shown that her removal would not have occurred but for Defendants' discriminatory animus. Thus, the district court did not err in granting Defendants' motion for summary judgment.

**AFFIRMED.**